United States District Court For
The Middle District Of Pennsylvania

| | |
|---|---|
| Demetrius Hill, Nestor Cercet, Anthony Washington, Kevin Lawson, Marvin Castellano Eduardo, Roscoe L. John Legrand, Eric Gay (SHU Prisoners) Plaintiffs | Supplemental And Amended Complaint Jury Trial Demanded 4:13-CV-668-MWB-JVW |
| V | |

FILED SCRANTON APR 4 2013 PER ___ DEPUTY CLERK

Warden David Ebbert, A.W. Oddo, Captain Keyaza(?) Lt. Sudol, HSA Burkett, Paramedic John Doe(s), C.O. Burns, C.O. Schwartz, C.O. Heenan, C.O. Rosencrance, C.O. Kubicki, C.O. Hayden, C.O. John Does (4/5/2013) assault, Unit Manager Lindsey, U.M. Sample, U.M. Gugliatti, Counselor Durkin, Counselor Tamano, Counselor Newcomb, Mailroom Staff Ms. Trently,
                    Defendants.

              This is a class action brought pursuant to Bivens v. Six unknown Federal Agents 403 U.S. 388 (1971) 28 USC 1331; Fed. R.Civ. P. 15(a) to supplement and amend the Complaint.

Foman v. Davis, 371 U.S. 178 (1962); and request "class certification for all claims within the complaint, Relief Sought and injunctive relief" via Fed. R.Civ. P. 23, cf. Hassine v. Jeffes, 846 F.2d 169, 177

(3d cir. 1988). This Bivens action is based on Plaintiff U.S. Constitutional Rights via the 1st, 5th, 6th, 8th amendments being violated, in an established pattern and practice widespread.

## Claim One

USP Canaan has been on lockdown status since a correctional officer (C.O. Eric Williams) was allegedly killed on or about 2/25/2013. Since this date C.O.'s have been arbitrarily assaulting countless prisoners in the S.H.U. and in general population, and initiating a full campaign of assault, abuse, harassment, sensory deprivation, deprivation of hygiene, mail denial and destruction. The Executive Staff Warden Ebbert, A.W. Oddo, A.W. Miller are aware of the C.O.'s taking retaliatory actions against prisoners and should be aware of it since there are video recorded surveillance cameras all around inside this institution, and are turning a deliberate blind eye.

## Claim Two

On 3/4/2013 C.O. Heenan and Fuller directed prisoners Hill to cuff up cell search. After Mr. Hill complied he was hand cuffed excessively tight behind his back and taken out of cell C-upper (S.H.U.) 253 and placed in cell 241  C.O. Heenan then ransacked Mr. Hill cell wripping-up various legal documents and administrative remedies stating " guess these won't be filed" while cursing loudly. He then took everything out of the cell placed it on a cart and took it off the range Mr. Hill was escorted back to cell 253 and the door closed. Mr. Hill requested to speak to a lieutenet. C.O. Heenan yelled open that cell back up, and C.O. Schwartz entered prisoner Hill's cell. C.O. Schwartz began to yell and scream cursing stating he " break (Mr. Hill) neck"; do what you told boy aint No fucken lieutenant;" he then pushed Mr. Hill up on the back-wall banging his head continuing to scream.

When he left the cell he ordered the cell closed, then asked where is his "celly"; C.O. Fuller stated he does not have

one, C.O. Schwartz yelled go get him one. While waiting for the prisoner to arrive C.O. Schwartz was visibly grinding his fist into his palm, stating "break his fucken neck" (over and over) "keep filing all them complaints filing, filing, filing," "break his fucken neck". When the other prisoner arrived C.O. Schwartz rushed back into the cell Mr Hill was slammed back into the wall banging his head. C.O. Schwartz reached around with his left hand and stuck his hand into Mr. Hill's jump suit grabbed his genital and began to yank, squeez and pull causing excruciating pain causing for Mr. Hill to see black spots and stated yelling "boy you'll do what your told" several times before exiting the cell. This was done with malice and sadistically.

## Claim Three

While on unit B 1. Mr. Nestor Cercet, was told to "cuff up" cell search when he was directed he began to back out the cell. Once out the cell Mr. Cercet was brutally pushed, slammed to the ground

continuously punched and kicked and spit on by numerous John Doe(s) officers. Mr. Cercet was shackled extremely tight pulled to his feet rushed into the "green corridor" where staff continued to assault Mr. Cercet with punches and kicks and spit on him. One officer said, "this is for Eric Williams" while then grabbing ~~my~~ His genitals yanking, squeezing, pulling then punching Mr. Cercet in the genitals. Mr Cercet was brutally beat and assaulted in the central corridor all the way to medical. "Now you got a ass whipping to complain about." was stated.

## Claim Four

While on "unit B 1". Anthony Washington was told to "cuff up" cell search when he was directed he began to back out the cell. Once out the cell Mr. Washington was maliciously punched in the face, slammed to the ground and continuously kicked, punched and spit on by numerous John Doe(s) officers. Mr. Washington was shackled excessively tight pulled to his feet forced into the "green corridor" where John Doe(s) continued the

punches kicks and then repeatedly hit Mr. Washington in the genitals. Officers screamed "this is for Eric Williams". Mr. Washington head and face was slammed into the floor and wall while being pushed/dragged through the central corridor.

## Claim Five

In each of these incidents medical staff failed to prescribe any form of medical attention, not even ice or pain medication, and several health staff laughed, one yelled that's what they deserve.

## Claim Six

Plaintiff Hill, Cercet, Washington and others have suffered a pattern and practice of abuse and assault for filing administrative remedies and complaining about the conditions here at USP Canaan. Mr. Hill filed repeated complaints in writing to the warden and A.W. about countless abuses in the S.H.U., when he did S.H.U. staff would search his cell and confiscate all his property for 16 hours, keep his his light on all night and

kick his door to deprive him of sleep. When Mr. Cercet and Mr. Washington requested to the evening watch C.O. John Doe of B1 that he tell his counselor he needed three BP8 forms, (John Doe) C.O. placed a red tag on Mr. Cercet and Mr. Washington cell door and told them "Oh you got a complaint after one of my brother was killed? I'll make sure you get what you need. The next morning they were maliciously assaulted.

## Claim Seven

In January and February plaintiff Mr. Hill sent out over 10 pieces of mail, each time C.O. Gurns and the "morning watch officers" opened the "legal mail" and confiscated the documents Mr Hill attempted to mail, a empty envelope would be returned. This occured with Mr Eduardo and other prisoners who sent out legal mail. On 3/4/2013 at around 2 or 3 AM staff opened two envelopes both marked special mail by Mr Hill and because of the contents, turned his cell light on and have kept it on every night for the last 4 days

and still counting. Staff then ransacked his cell later that day.

## Claim Eight

Staff have been initiating cell searches confiscating property for 16 hours including mattresses and toilet paper and clothes. Then giving out "paper (see through) underwear". And thats it for clothes numerous prisoners clothes have been confiscated as a form of retaliation for filing complaints about staff.

## Claim Nine

Plaintiffs Mr. Hill and Mr. Lawson cell has been searched "12" times since 3/5/2013 with "day watch" performing a search, then evening (4 to 12 shift) watch staff performing a second search many times on the sameday. On the 24th of March 2013 staff confiscated all Plaintiffs BP8 forms he had gotten that morning from his counselor this was evening watch. On the 26th day watch conducted a 8 am cell search and confiscated BP9 forms, and a motion Mr Hill had prepared for appointment

of counsel, a responsive motion he had begun preparing for the 6th Circuit, along with several cases he had received. Breakfast was taken all pencils confiscated including our toothbrushes, the cell was completely "vandalized". Inter alia

## Claim Ten

Plaintiff Mr. Alford cell was search and ransacked on at least 7 occaisions since 3/5/2013 his hand written copy of the complaint in this lawsuit was confiscated by C.O. Burns, C.O. Kubicki and C.O. Hayden all his pencils were confiscated and toilet papers. Inter alia

1. Pencils are ~~not~~ allowed in S.H.U., one pen was aquired and is used for legal papers as pencil does not "show up" when copies are made or scaned.

## Claim Eleven

Plaintiff Mr. Washington and Mr. Cercet cell was searched twice a day at least 14 times in three weeks (since 3/5/2013 their cell was

vandalized in that staff emptied shampoo all over their sheets, blankets and floor, all their pencils were stolen, and mailing stamps.

### Claim Twelve

Plaintiff Legrand cell was searched, vandalized and he was placed into "paper clothes" 4 days. The paper clothes were wripped and he was made to walk around virtually naked in his cell. All his hygiene was confiscated by C.O. Kubicki who repeatedly laughed loudly and kept stating "file on that" over and over. His cell was search 5 times

### Claim Thirteen

Plaintiff Mr. Eduardo cell was searched 6 times each time the cell was ransacked he was placed in paper clothes for 4 days virtually naked. And his books, pictures, and hand written copy of the complaint was stolen.

### Claim Fourteen

Unit managers and Unit team Staff repeatedly fail to do "rounds"

(eg. come to S.H.U. cells of prisoners) in S.H.U. at each cell, and when they do come to S.H.U. they refuse to pass out administrative remedies form eg. BP-8, BP-9, BP-10, BP-11 forms. When they do pass out said forms they refuse to process complaints about unit team staff, and destroy the forms. When Plaintiff Mr. Hill filed complains about S.H.U. his counselor "would" provide the needed forms until unit manager Lindsey instructed said counselor to "stop providing the forms" due to Mr. Hill attempting to file complaints about unit team. Unit manager Mr. Lindsey specifically stated to Mr. Hill (after receiving 11 BP-9s) "I'm going to put a stop to this shit". The counselor then stated he would only provide "one BP-8 at a time and process only one BP-9 a week". Both U.M. and C.M. Richardson ~~case manager and counselor~~ failed to make rounds on Mr. Hill's range.

U.M. Sample never does S.H.U. rounds with any BP-8, BP-9 or other forms, and counselor Tamino regularly claims to have "lost" the previous BP-8 done

and states "ok do another one" when Mr. Lawson asks for two or three forms Mr. Tamino states "I'm not doing all that." Counselor Bradenberg told prisoner Mr. Cercet and Mr. Washington "I'm not giving you nothing, you shouldn't have opened your mouth, you got what you had coming", this was her response to both plaintiff requesting administrative remedy forms. Counselor Compton claimed not to have any BP-8 forms for 3 weeks, then stated "you two won't need BP-8 in Lewisberg." Plaintiff Eduardo is repeatedly denied BP-8 forms by his counselor, and when he obtain the forms they are not processed, the staff, specifically counselor Mr. Durkin states "no english, no form" and and walks off. When Mr. Alford sequested a BP-8 he was told "I see your back here learning all the wrong things" this was said by Counselor Mrs. Bradenberg. U.M. Gugliatti almost never does S.H.U. rounds, the one time plaintiff Mr. Eduardo seen him, he had no forms and said he'd send someone down. There is a pattern and practice at U.S.P Canaan of

not providing administrative remedy forms and retaliating against prisoners who file complaints

## Claim Fifteen

H.S.A. Burkett refuses to oppoint any nurse, M.L.P., N.P. or PA to do "sick call" rounds in SHU (28 CFR 541.32(a)) or provide over the counter medication (OTC meds 28 CFR 549.30). Instead paramedics only give out pill line medication and refuse to stop at any one cell not on pill line. Plaintiffs Mr. Washington and Mr Cercet never received any medical attention for sore ribs, (possibly fractured) head injuries, swollen eye that was closed constant dizzyness and problems eating, after these prisoners were brulally assaulted. Plaintiff Mr. Hill who suffers and has a long history of asthma was denied his inhaler for 4 weeks at which time he was wheezing having extreme shortness of breath, when a "new" nurse practitioner finally examined him he had to be give a 20 mg. increase of prednizone and his inhalor was finally

provided. Medical paramedics "John Doe(s)" absolutely refused to provide Mr. Hill a nebulizer treatment or do anything for 4 weeks. His complaints of stomach pain due to him being given all his calcium, vitamin D, prednizone at one time still has not been addressed. Plaintiffs Lawson, Eduardo, Alford, Legrand and Gay request for medical attention have simply been ignored as will. When the "New" N.P. came on the range she spoke to only two individual and left.

## Claim Sixteen

Mrs. Trently (mailroom Supervisor) has repeatedly allowed "legal mail" from this U.S. Court that is clearly marked as such to be opened "outside the all Plaintiff "presence", in Mr. Hill's case his mail did not contain the IFP papers; Mr. Cercet did not receive his mail from the court until 5 days after everyone else; Mr. Alford authorization form was torn in half. Mr. Hill legal mail from his attorney (on another matter) and paralegal Mr. Henry Marines, and Mr. Jose Francisco was

opened outside his presence and several exhibits were missing along with case law that had been sent. Mr. Hill legal mail that was sent to several courts were opened and destroyed, this also occurred to Mr. Legrand as well. Mr. Hill started giving his mail to his case manager to send out untill she was instructed to "Not Accept" any mail from Mr Hill for mailing. Ms Trently specifically stated mail from the "United States Court" was "Not" legal mail "regardless of whether it was stamped as legal mail or not (28 CFR 540.2(c) defines mail received from United States Courts as Constituting legal mail) Mr Hill, his properly sealed legal mail sent out was returned for extra postage, yet it was returned "opened" (in violation of 28 CFR 540.24) outside Mr. Hill presence and a legal decision he enclosed was not there — all of these envelopes were retained by Mr. Hill and the plaintiffs to prove none of the court mail was processed as "legal mail."

## Claim Seventeen

Lt. Sudol was present when C.O. Rosencrance and other John Doe(s) assaulted plaintiff Mr Washington and Mr. Cercet and failed to stop the assault and instead deliberately attempted to cover it up by stating "look proffessional guys" to the officers assaulting plaintiffs. Lt. Sudol allowed S.H.U. officers to conduct cell searches in abusive ways defined in claims supra. No pencils have been issued for over a month (since the lockdown). Plaintiffs are forced to retain piles of trays & garbage in their cells; We are forced to wear the same underwear day after day. And We are being subjected to constant retaliation for complaining, and denied basic essentials for Humane treatment.

## Relief

That the Court issue a preliminary injunction directing Warde Mr. Ebbert to retain copies of video camera footage from unit B-1 from 3/5/2013 and all corridors including green corridor and central and medical department. And camera footage from S.H.U. range C-upper on 3/4/2013 between the hours of 6 AM until 5 PM for both incidents.

Ordering U.S.P. Canaan to use a hand held camera whenever removing any prisoner from their cell at anytime and to have a lieutenant present. Until the prison lock down is ended. And that all staff involved in excessive force be prevented from working around any prisoners, until an investigation.

Compensatory and Punitive damages

I declare under penalty of perjury the foregoing facts are true and correct 28 USC 1746

Demetrius Hill
68133-053

Court clerk                                    March 31, 13
U.S. District Court

    RE: Hill et al. v. Ebbert et al., 13CV668
     Motion to Supplement & Amend Complaint;

Hon. Judge Brann:
  Enclosed is an Amended/Supplemental Complaint pursuant to Fed R. Civ. P. 15. I humbly request you read the enclosed exhibits so you can see the staff here are opening the court mail saying its "not legal mail." Several Plaintiffs never even got the IFP Forms I (mr. Hill) made copies for several of them. Also I (mr. Hill) would ask the court to please rule on our "motion for preliminary injunction" or at least order a "hearing" as the staff are attempting to destroy evidence of the assault.
     Thank you in advance
      Demetrius Hill
      68133-053

**Response to Informal Resolution Attempt**

**Hill, Demetrius # 68133-053**

**3. Summary of Investigation:**

This is in response to your request for administrative remedy received in this office on March 26, 2013. You claim on 3/20/2013 mail room staff opened you legal mail from the US District Court, which was addressed as special mail. You would like your mail from the District Courts treated as special mail, in regards to opening it in your presence.

**4. What actions were taken to resolve this matter informally:**

This is in response to your Request for Administrative Remedy received in this office on March 26, 2013. You allege that USP Canaan is not following the Courts Legal/Special Mail procedures. You allege that the sender is appropriately identified as the US District Court. You are requesting that USP Canaan stop opening your mail in accordance with the Courts orders.

Program Statement 5265.014, Correspondence, page 14, Section 10. Special Mail, subsection (a) states: The Warden shall open incoming special mail only in the presence of the inmate for inspection for physical contraband and the qualification of any enclosures as special mail. The correspondence may not be read or copied if <u>**the sender is adequately identified on the envelope**</u>, and the front of the envelope is marked "Special Mail — Open only in the presence of the inmate".

Under the same aforementioned Program Statement, page 15 subsection (b) states: <u>**In the absence of either adequate identification**</u> or the "special mail" marking indicated in paragraph (a) of this section appearing on the envelope, staff may treat the mail as general correspondence and may open, inspect, and read the mail.

The envelope you attached to your Administrative Remedy did not qualify for special mail handling. The sender was not specifically identified. Office of the Clerk does not identify the sender.

Given the facts stated, your Request for Administrative Remedy is denied. In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of the date of this response by submitting a BP-230(10) to the Regional Director, Federal Bureau of Prisons, Northeast Regional Office, U.S. Customs House, 2nd and Chestnut Street, Philadelphia, PA 19106.

**5. Explain reasons for no resolution:**

Inmate not satisfied with response and requested a BP-9.

S. Montauredes/Counselor

