UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

Demetrius Hill, Pro se, et al.,
      Plaintiffs,

V.

Warden David Ebbert,
et al.

        Defendents,

FILED
WILLIAMSPORT

JUN 10 2014

PER _____ DEPUTY CLERK

MOTION IN OPPOSITION TO
MOTION TO REVOKE IFP STATUS
13-CV-0668

Comes Now, Demetrius Hill, in pursuit of justice and equittable

redress from this court, which Defendents (as has become the norm in prisoner

litigation) seek to avoid with a completely frivolous motion.

Without wasting to much of this Courts time, Plaintiff will point out that

this response is principally based on the Third Circuits decision in :

Ball v. Famiglio, 726 F.3d 448 (3d cir. 2013)

Byrd v. Shannon, 715 F.3d 117 (3d cir. 2013)

These *two* cases clearly and unambiguously establish that 3 of the 4 decisions

referred to by defendents do not count as a strike via the PLRA.

1.

As such Plaintiff will ask the defendents Motion be denied in its entirety.

Further, because a simple reading of these cases would of put defendents on notice such a motion by them was legally frivolous and obviously so, Plaintiff will ask for sanctions to be imposed of defendents for a waste of judicial resources.

<u>MEMORANDUM OF LAW</u>
<u>ARGUMENT</u>

<u>I</u>

Defendents reliance on :

<u>HILL V. N.Y. Post, No. 08 CV 5777 (SDNY 2010)</u> ①
<u>HILL V. N.Y. Post, No. 10-3584 (2d Cir, 2011)</u>
<u>HILL V. Donoghue, et al, No. 08-CV-1045 (EDNY 2011)</u>

is misplaced. None of these decisions constitute a PLRA strike and Plaintiff will address each decision seriatem :

In <u>HILL V. Donoghue</u> et, al., supra, (Judge Seybert) is not a strike pursuant to the <u>explicit</u> holding of <u>Ball V. Famiglio, 726 F. 3d 448 (3d Cir, 2013)</u> :

2.

"We therefore decline to treat a District Court's dismissal due to the defendants immunity as a per se dismissal for frivolousness for purposes of the PLRA three strikes rule. Instead we hold that dismissal based on the immunity of the defendant, whether absolute or qualified, does not constitute a PLRA strike, including a strike based on frivolousness, unless a court explicitly and correctly concludes that the _complaint_ reveals the immunity defense on its face and dismisses the unexhausted complaint under Rule 12(b)(6) or expressly states that the ground for the dismissal is frivolousness."

The judge Seybert decision is a "unclear dismissal" as that term is used in _Ball_ supra, i.e., in dismissing the complaint, first the court held Donoghue was entitled to _Absolute_ immunity for certain claims. Then held that Donoghue was _not_ entitled to be "Absolutely immune from Plaintiffs fourth Amendment or Title III claims that he directed NCCC officials to make the warrantless recordings of Plaintiffs' calls. In so deciding, the court agrees with Plaintiff that AUSA Donoghue's alleged conduct as it pertains to these claims was investigative rather then prosecutorial."

At _pig. 10_ of Judge Seybert's decision the fourth Amendment and Title III

3.

claims were dismissed predicated on a judicial finding Plaintiff "Impliedly consented

to the Monitoring of the recordings." The Libel and stigma — plus claims were dismissed

Also, but at no time does the Court state such claims were dismissed for frivolousness.

cf. Ball v. Famiglio supra:

> " The question is whether "unclear" dismissals can
> be counted as strikes for purposes of 1915 (g) we
> Answered "no" to that inquiry earlier this year in
> Byrd v. Shannon, 715 F.3d 117 (3d cir. 2013)"

In HILL v. N.Y. Post, 08 CV 5777 (SDNY 2010) was dismissed for "Mixed reasons,"

And at no time did the court state its dismissal was for "frivolousness, Malicious   or

fails to state a claim" cf. Byrd v. Shannon, supra, :

> " A strike under 1915 (g) will Accrue only if the entire
> Action or Appeal is (1) dismissed explicitly because it is
> "frivolous," "Malicious" or "fails to state a claim," or (2)
> dismissed pursuant to a statutory provision or Rule that is
> limited solely to dismissals for such reasons, including (but
> Not Necessarily limited to) 28 U.S.C. 1915 (A)(b)(1), 1915
> (e)(2)(B)(i), 1915(e)(2)(B)(ii) or Rule 12 (b)(6) . . .
> In Announcing that rule, we rejected an Alternative Approach
> under which "court Are permitted to consider the Nature of

4,

the dismissal and determine whether the dismissal fits within the language of 1915 (g)."

The decisions underlying premise in _Hill V. N.Y. Post_, supra, was that Plaintiff could not establish "diversity of citizenship," inter alia, see _foot note 1_ of that decision:

> "the R&R also indicates that Magistrate Judge MAAS _focused only on subject Matter jurisdiction_, obviating the need to address Defendants' 12(b)(6) Motion."

The District Court Adopted the R&R of the Magistrate. Because the Action was Not dismissed explicitly for ANY of the enumerated reasons stated by the Third Circuit in _Byrd_, supra, this dissmissal is not a strike under the PLRA. Again At not time did the court state the complaint (Action) was frivolous, malicious, or failed to state a claim.

The Appeal cited by defendants _Hill V. N.Y. Post, No. 10-3584_ (2d cir. 2011) based on the Ruling in _Ball_ and _Byrd_ supra can not count as a strike, because as the Third Circuit stated:

> "Applying the rule, we concluded that our dismissal of the Appeal in question did not constitute a strike because "the terms

5.

frivolous, malicious or fails to state a claim were not used
to dismiss the appeal" And because section 1915 (e)(2)(B) is
not limited to dismissals that are frivolous, malicious, or fail
to state a claim."

quoting _Ball_ And _Byrd_. The Appeal to the second Circuit, similarily does not use that

language either. The _Byrd_ court specifically held that an appeal dismissal stating the appeal

was "without merit" did not constitute a PLRA strike, the language of this appeal

does not constitute a strike either.

## II

Further, Plaintiff would urge the court to find the defendents have waived

the argument of three strikes by failing to raise it for more than one year see, fed.

R. Civ. P. 8 (c) ("Failure to plead an affirmative defense results in a waiver of that defense")

And Plaintiff would be **prejudiced** significantly by any finding, _Now_, that he does not

face a "immenent danger" which would be an _exception_ to the 3 strikes rule. Because a

year later, after Plantiff has been transferred from USP Canaan, it would be prejudicial

to state there is no "_present_ immenent danger" a year later. At the time of the filing

6,

of the complaint a corrections officer had been (allegedly) killed and the C.O.'s were seeking and carrying out siginificant acts of retaliation & retrobution on prisoners. So that to rule on the "immienent danger" exception now a year later, would render such exception superfluous and useless, if Defendents could wait a year then file a Motion claiming 3 strike, and ask courts to rule there is No immienent danger would deny due process.

Thus Plaintiff would ask the court find defendents have waived this defense for failure to raise it. Moreover Plaintiff alleged sexual assault by correctional staff violative of the Prison Rape Elimination Act (PREA) and such allegations constitute a immienent danger per se.

Wherefore based on the foregoing defendents Motion should be denied in its entirely as three out of the four do not constitute strikes as defined by the Third circuit in its most resent decisions.

Plaintiff would urge defendents be directed to respond to the complaint on the Merits —

In Struggle

Demetrius Hill
DEMETRIUS HILL
#68283-053
USP Lewisburg
P.O. Box 1000
Lewisburg, P.A. 17837

FN.[1] Defendants speciously claim to have found said prior dismissal (via "Pacer," yet these decisions (not suprisingly) are the same ones discussed in a letter/exhibit Plaintiff filed with this Court in a Habeas corpus pending before this Court "Hill v. D. Ho. Jordan" (M.D. PA)



Liberty FOREVER    Equality FOREVER




RETURNED FOR ADD'L POSTAGE   .2l
WHEN REMAILING CROSS OUT THIS
NOTICE OR PASTE STAMPS OVER IT

To: Hon. Judge Brann
U.S. District Court
U.S. District Judge
240 West Third street
Williamsport, PA., 17701

6/2/14