IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DEMETRIUS HILL, ET AL., :
:
      Plaintiffs :
:
  v. : CIVIL NO. 4:CV-13-668
:
WARDEN DAVID EBBERT, ET AL., : (Judge Brann)
:
      Defendants :

## MEMORANDUM

June 12, 2015

**Background**

Demetrius Hill, Nestor Cercet, Anthony Washington, Kevin Lawson, Martin Eduardo Castellano-Bayseillo, Roscoe L. Alford, and John F. Legrand initiated this pro se civil rights action regrading their mutual confinement at the Canaan United States Penitentiary, Waymart, Pennsylvania (USP-Canaan).[1] An Amended Complaint (Doc. 13) was previously submitted.

By Order dated June 6, 2013, Plaintiffs' request for class certification was denied and the Original Plaintiffs' individual motions to proceed in forma

---

[1] It appears that only one Plaintiff is still confined at USP-Canaan.

pauperis were construed as motions to proceed without full prepayment of fees and costs and the motions and granted. See Doc. 51. The Order also authorized service of the Plaintiffs' Amended Complaint on the Defendants named therein.[2]

Named as Defendants are the following USP-Canaan officials: Warden David Ebbert; Associate Warden Leonard Oddo; Captain Robert Kazuba; Lieutenant B. Sudul; Health Services Administrator Jeffrey Burkett; Unit Managers Kyle Lindsay, Michael Sample, and Thomas Gubbiotti; Counselors James Durkin, Debra Tomaino, and Thomas Newcomb; Margaret Trently; as well as Correctional Officers John Schwartz, Christopher Heenan, Ryan Burns, Ryan Rosencrance, Matthew Kubicki, and Edward Hayden.

According to the Amended Complaint, USP-Canaan was placed on lockdown status following the killing of a correctional officer by an inmate on February 25, 2013. During this lockdown period, Plaintiffs contend that beginning with an incident which purportedly transpired on March 4, 2013 they have been injured as the result of a retaliatory campaign of abuse carried out by

---

[2] The Amended Complaint added an eighth Plaintiff, Inmate Eric Gay. However, Gay has neither paid the required filing fee nor submitted an in forma pauperis application. In fact, Gay has never made any type of submission or filing in this matter. Defendants also note that since his release from BOP custody on November 13, 2013 Gay has not informed the Court of his change in address. In light of those failures, Gay will not be granted leave to be joined as an Additional Plaintiff.

correctional staff.  <u>See</u> Doc. 13, p. 3.

Presently pending is Defendants' partial motion to dismiss and motion for summary judgment.  <u>See</u> Doc. 92.  Plaintiff Hill has opposed the motion.[3]  Defendants initially ask that this Court dismiss the Amended Complaint as to Plaintiffs Cercet, Gay, Castellano-Bayseillo and Alford for failure to prosecute because they have each failed to provide the Court with their current address following their release from the custody of the Federal Bureau of Prisons (BOP) and have failed to make filing fee payments.  They also seek entry of summary judgment on the basis that "each of the plaintiffs failed to exhaust their administrative remedies."  Doc. 99, p. 2.

**Discussion**

**Standard of Review**

Defendants' pending dispositive motion is supported by evidentiary materials outside the pleadings.  Federal Rule of Civil Procedure 12(d) provides in part as follows:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be

---

[3] Despite being granted an enlargement of time to file a response, Plaintiff LeGrand has not opposed the pending dispositive motion.

>       given reasonable opportunity to present all the material
>       that is pertinent to the motion.

Fed. R. Civ. P. 12(b)(d).

This Court will not exclude the evidentiary materials accompanying the Defendants' motion. Thus, their motion will be treated as solely seeking summary judgment. See Latham v. United States, 306 Fed. Appx. 716, 718 (3d Cir. 2009)(when a motion to dismiss has been framed alternatively as a motion for summary judgment such as in the present case, the alternative filing "is sufficient to place the parties on notice that summary judgment might be entered.")

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); See also Saldana v. Kmart Corp., 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. Id. at 248. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. Saldana, 260 F.3d at 232; see also Reeder v. Sybron Transition Corp., 142 F.R.D. 607, 609

(M.D. Pa. 1992). Unsubstantiated arguments made in briefs are not considered evidence of asserted facts. Versarge v. Township of Clinton, 984 F.2d 1359, 1370 (3d Cir. 1993).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. (internal quotations omitted); see also Saldana, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." Celotex, 477 U.S. at 322-23. "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'" Saldana, 260 F.3d at 232 (quoting Williams v. Borough of West Chester, 891 F.2d 458, 460-61 (3d Cir. 1989)).

**Failure to Provide Address**

Defendants initially ask that this Court dismiss the Amended Complaint as

5

to Plaintiffs Cercet, Gay, Eduardo, and Alford because they have each failed to provide the Court with their respective current addresses following their release from the custody of the Federal Bureau of Prisons (BOP).[4]

A pro se litigant has an affirmative obligation to keep the court informed of his or her address. See M.D. Pa. Local Rule 83.18. If his or her address changes in the course of the litigation, the litigant must immediately inform the court of such change. A copy of this Court's Standing Practice Order was mailed to each Plaintiff on March 13, 2013. See Doc. 3. The Standing Practice Order provides in relevant part as follows:

> A *pro se* plaintiff has the affirmative obligation to keep the court informed of his or her current address. If the plaintiff changes his or her address while this lawsuit is being litigated, the plaintiff shall immediately inform the court of the change, in writing. If the court is unable to communicate with the plaintiff because the plaintiff has failed to notify the court of his or her address the plaintiff will be deemed to have abandoned the lawsuit.

Id., p. 4.

If a plaintiff fails to prosecute or comply with a court order, the court may dismiss the action, with prejudice. See Poulis v. State Farm Fire and Casualty Co.,

---

[4] As discussed above, Gay has already been denied leave to be joined as an additional Plaintiff. However, since the undisputed record shows that Gay was released from BOP custody on November 13, 2013 and has neither notified the Court or opposing counsel of his new address and has not taken any action whatsoever with respect to the litigation of this matter, the failure to prosecute argument with respect to Gay is a meritorious alternative for dismissal of said Plaintiff.

747 F.2d 863, 868 (3d Cir. 1984); Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991) (failure of a plaintiff to comply with a court's specific direction to comply with a local rule which required the filing of an opposing brief, warranted the treatment of a motion to dismiss as being unopposed and subject to dismissal without a merits analysis). The United States Court of Appeals for the Third Circuit in Poulis set forth six (6) factors which must be considered in determining whether to dismiss an action with prejudice for failure to prosecute:  (1) extent of the party's personal involvement; (2) prejudice to the opposing party by the dilatoriness; (3) whether a history of dilatoriness existed; (4) whether the dilatoriness was willful and in bad faith; (5) possible effectiveness of alternative sanctions; and (6) the merit of the claim or defense.  See Adams v. Trustees, NJ Brewery Trust Fund, 29 F.3d 863 (3d Cir. 1994).

Defendants state that Cercet was released from BOP custody on November 5, 2013 and has not notified the Court of his new address or made any filing fee payments.  A review of the docket reveals that Plaintiff Cercet filed a notice of change of address on March 27, 2015 indicating that he was presently confined at the Southern State Correctional facility, Delmont, New Jersey.  See Doc. 110. The docket also shows that Cercet has made multiple partial filing fee payments. See Docs. 37, 54, 64, 68, & 72.  In light of those factors, the request for entry of

summary judgment with respect to Plaintiff Cercet for failure to provide his current address and pay the filing fee will be denied.

With respect to Plaintiff Alford, Defendants contend that he was released from BOP custody on October 4, 2013 and later returned to federal custody on August 27, 2014 but has never informed the Court of his new addresses. A review of the docket shows that Alford made two partial filing fee payments (Docs. 38 & 55), and that no mail sent to him at any time during the course of these proceedings has been returned to this Court as being undeliverable.[5] Although this Court agrees that Alford has apparently lost interest in the prosecution of this matter, since the docket does not reflect that there has ever been an inability of this Court to communicate with Alford and out of an abundance of caution, the request for summary judgment for failure to provide his current address and pay the filing fee with respect to Alford will also be denied.

With respect to Plaintiff Marvin Eduardo Castellano-Bayseillo, Defendants state that he was released from BOP custody on February 7, 2014 and has not made any partial filing fee payments since December 12, 2013. See Doc. 99, p. 6.

---

[5] The docket reflects that copies of this Court's Orders of August 29, 2014 (Doc. 91); October 3, 2014 (Doc. 95) ; October 10, 2014 (Doc. 98); November 6, 2014 (Doc. 103); and November 24, 2014 (Doc. 107) were successfully mailed to Alford.

The Court initially recognizes that the failure of Castellano-Bayseillo to make any partial filing fee payments may simply be attributable to his lack of sufficient financial assets. Second, the docket reflects that there were prior instances where mail sent to Castellano-Bayseillo was returned as undeliverable. See Docs. 8, 35, 43, & 45. In apparent response to that problem, Plaintiff Castellano-Bayseillo submitted a letter to the Court providing his federal inmate number. See Doc. 41. Furthermore, copies of this Court's Orders of August 29, 2014; October 3, 2014; October 10, 2014; November 6, 2014; and November 24, 2014 were apparently not mailed to Eduardo Castellano-Bayseillo because his mailing address was somehow deleted from the docket.

Be that as it may, it is undisputed that Castellano-Bayseillo was released from BOP custody on February 7, 2014 and has not notified the Court of his new address. Since that date he has also not made any filings in this matter. Consequently, said Plaintiff has clearly failed to comply with a requirement of the Court's Standing Practice Order and Local Rule 83.18. Since Castellano-Bayseillo's present whereabouts are unclear, it would be a waste of judicial resources to allow his participation in this action to continue.

Based upon an application of the Poulis factors, adequate grounds have been established for the extreme sanction of dismissal against Plaintiff Castellano-

Bayseillo.[6] This conclusion is premised on the following considerations: (1) the failure of Castellano-Bayseillo to satisfy his responsibility to notify either the Court or opposing counsel of his current address; (2) Plaintiff Castellano-Bayseillo's failure to respond to the pending motion; and (3) his failure to make any filings in this matter since April 25, 2013; and (4) the obvious prejudice to the Defendants. Those factors support a finding of dilatoriness and wilful conduct and other sanctions are not a viable alternative since that Plaintiff's present whereabouts are unclear.

In conclusion, the initial argument for summary judgment will be denied with respect to Plaintiffs Alford and Cercet but granted in regards to Castellano-Bayseillo and Gay.

**Administrative Exhaustion**

Defendants' second argument contends that they are entitled to entry of summary judgment because the undisputed record shows that "each of the plaintiffs failed to exhaust their administrative remedies." Doc. 99, p. 2. As

---

[6] Although Azubuko, 243 Fed. Appx. at 729, recognizes a "balancing under Poulis is unnecessary" in cases such as the present matter where a litigant's conduct makes adjudication of the case impossible, other Third Circuit decisions indicate that the Poulis analysis should be undertaken. See Hernandez v. Palakovich, 293 Fed. Appx. 890, 894 (3d Cir. 2008) (Poulis factors must be considered before dismissing a case as a sanction for failure to follow a court order).

previously noted, Plaintiffs seek relief with respect to alleged events which transpired after USP-Canaan was placed on lockdown on February 25, 2013. Defendants contend that although the Plaintiffs initiated various separate grievances both during and after the lockdown, no grievance relating to the claims asserted in the Amended Complaint was appealed to final administrative review and as such, the pending claims are all subject to dismissal on the basis of non-exhaustion.

Section 1997e(a) of title 42 U.S.C. provides:

> No action shall be brought with respect to prison conditions under Section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Section 1997e(a) requires administrative exhaustion "irrespective of the forms of relief sought and offered through administrative avenues." Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 992 (2002); Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001). Claims for monetary relief are not excused from the exhaustion requirement. Nyhuis v. Reno, 204 F.3d 65, 74 (3d Cir. 2000). Dismissal of an inmate's claim is appropriate when a prisoner has failed to exhaust his available administrative remedies before bringing a civil rights action. Ahmed v. Sromovski, 103 F. Supp. 2d 838, 843 (E.D. Pa. 2000). "[E]xhaustion must occur

prior to filing suit, not while the suit is pending." Tribe v. Harvey, 248 F.3d 1152, 2000 WL 167468, *2 (6th Cir. 2000)(citing Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999)); Oriakhi v. United States, 165 Fed. Appx. 991, 993 (3d Cir. 2006).

An inmate is not required to specifically plead or demonstrate exhaustion in his or her complaint. See Jones v. Bock, 549 U.S. 199, 216 (2007); see also Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002)(a prisoner does not have to allege in his complaint that he has exhausted administrative remedies). Rather, pursuant to the standards announced in Williams v. Runyon, 130 F.3d 568, 573 (3d Cir. 1997), it is the burden of a defendant asserting the defense of non-exhaustion to plead and prove it.[7] The United States Supreme Court in Jones noted that the primary purpose of the exhaustion requirement is to allow prison officials to address complaints before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record.

The administrative exhaustion mandate also implies a procedural default component. Spruill v. Gillis 372 F.3d 218, 222 (3d Cir. 2004). As explained by the Third Circuit, a procedural default rule "prevents an end-run around the

---

[7] In Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003), the United States Court of Appeals for the Third Circuit similarly stated that "[f]ailure to exhaust administrative remedies is an affirmative defense for the defendant to plead."

exhaustion requirement." Id. at 230. It also ensures "prisoner compliance with the specific requirements of the grievance system" and encourages inmates to pursue their administrative grievances "to the fullest." Id. Similarly, the Supreme Court has observed that proper exhaustion of available administrative remedies is mandatory, meaning that prisoners must comply with the grievance system's procedural rules, including time limitations. Woodford v. Ngo, 548 U.S. 81 (2006).

The BOP has a well established three (3) step Administrative Remedy Program whereby a federal prisoner may seek review of any aspect of his imprisonment. See 28 C.F.R. §§ 542.10-542.19. After attempting to informally resolve the issue, a BOP inmate can initiate the first step of the grievance process by submitting "a formal written Administrative Remedy Request, on the appropriate form (BP-9)," within twenty (20) calendar days "following the date on which the basis for the Request occurred." See 28 C.F.R. § 542.14(a). The Warden has twenty (20) calendar days from the date the Request or Appeal is filed in which to respond." See 28 C.F.R. § 542.18.

If not satisfied with the Warden's response, an inmate may appeal (step two) on the appropriate form (BP-10) to the Regional Director within twenty (20) calendar days of the date the Warden signed the response. See 28 C.F.R. §

542.15. Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may then be appealed (step three) on the appropriate form (BP-11) to the General Counsel within thirty (30) calendar days from the date the Regional Director signed the response. Id. Additionally, "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." Id.

According to an undisputed declaration under penalty of perjury by BOP Paralegal Kimberly Sutton, a search conducted of the BOP's computerized administrative remedy index revealed that "none of the eight plaintiffs ... had exhausted his available administrative remedies regarding any of the issues raised" in this matter. Doc. 100-1, Exhibit 1, ¶ 17. It is additionally noted that Paralegal Sutton's declaration is accompanied by copies of the Plaintiffs' referenced grievances and the corresponding institutional responses.

Specifically, Sutton avers that Plaintiff Hill filed 21 grievances during the USP-Canaan lockdown which began on February 25, 2013 and 34 after the lockdown ended on April 8, 2013. Hill was transferred from USP-Canaan approximately one moth after the lockdown ended. The supporting evidence submitted by Defendants shows that none of Hill's relevant grievances were appealed to the BOP Regional or Central Office levels.

According to Sutton, Inmate Cercet filed 12 unsuccessful grievances during and after commencement of the lockdown, but never completed the exhaustion process" with respect to any of those filings. See id. at ¶ 21. Cercet was released from BOP custody on November 5, 2013. Plaintiff Washington filed 14 grievances after the lockdown was initiated, all of which were rejected or denied and none of the grievances pertaining to this action which were administratively appealed.

Plaintiff Larson filed only 2 grievances after the lockdown began. Both were rejected and neither resubmitted nor appeal taken to the Regional of Central Office levels. See id. at ¶ 26. Defendants add that that Inmate Castellano-Bayseillo filed 7 grievances after the lockdown began and prior to his release approximately one year later. See id. at ¶ 29. However, Defendants contend that none of those filings pertained to the allegations raised in the Amended Complaint.

With respect to Plaintiff Alford, Defendants acknowledge that he filed two grievances after the lockdown ended. See id. at ¶ 31. One was rejected and the other denied on the merits. However, Alford did not appeal either of those adverse outcomes to either the Regional of Central Offices of the BOP . Defendants next assert that Plaintiff LeGrand initiated two grievances following the lockdown. See id. at ¶ 33. However, neither of LeGrand's grievances pertain to the issues raised

by the Amended Complaint. Finally, Inmate Gay filed a total of 6 grievances during the relevant time period, two of those filings were unrelated to the claims before this Court, three were rejected and not appealed and one was denied but was also not administratively appealed. See id. at ¶ 35.

In conclusion, Defendants contend that none of the 17 claims raised in the amended complaint have been administratively exhausted. They point out that this matter was docketed on March 13, 2013 approximately one week after the alleged constitutional violations occurred. Defendants add that it is apparent that Plaintiffs did not even attempt to comply with the exhaustion requirement before filing this lawsuit.

A review of the docket confirms that the Original Complaint was docketed on March 13, 2013 and references an alleged March 4, 2013 incident. Second, none of the Plaintiffs have asserted that they exhausted an administrative grievance relating to any of the claims presently pending before this Court. Inmate Hill, the only Plaintiff to file a response to Defendants' pending motion, acknowledges that he failed to comply with the exhaustion requirement but asked to be excused from that requirement because USP-Canaan staff have a history of assaulting Hispanic and African-American inmates and he "had a legitimate fear' that he would be assaulted if he filed a grievance. Doc. 108, p. 2.

The Third Circuit has recognized that "[t]here is no futility exception" to the exhaustion requirement. Brown v. Croak, 312 F.3d 109, 112 (3d Cir. 2002) (citing Nyhuis, 204 F.3d at 75. A subsequent decision by the Third Circuit reiterated its no futility exception by rejecting an inmate's argument that exhaustion should be excused because prisoner grievances were regularly rejected. Hill v. Smith, 186 Fed. Appx. 271, 274 (3d Cir. 2006). The Third Circuit has also rejected "'sensitive' subject matter or 'fear of retaliation' as a basis for excusing a prisoner's failure to exhaust." Pena-Ruiz v. Solorzano, 281 Fed. Appx. 110, 113 (3d Cir. 2008).

Hill readily admits that he filed multiple grievances following the USP-Canaan, an admission which clearly undermines his voiced assertion that he was afraid to seek administrative relief. Moreover, within several days of the underlying incident and while still housed at USP-Canaan, Hill filed this action which further compromises any claim that he was afraid to seek relief because of potential staff reprisals.

**Conclusion**

The undisputed evidence submitted by the Defendants satisfies their burden of establishing that Plaintiffs did not fully exhaust their available BOP

17

administrative remedies prior to initiating this action and deliberately bypassed the BOP's administrative review system by filing this action within days of their alleged constitutional mistreatment.  Accordingly, the request for entry of summary judgment on the basis of non-exhaustion of available administrative remedies will be granted.  An appropriate Order will enter.

                              BY THE COURT:

                              s/ Matthew W. Brann
                              Matthew W. Brann
                              United States District Judge